UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. _11-cr-10224_ |
| | ) |
| | ) **COUNTS ONE and THREE:** |
| | ) 16 U.S.C. §§ 3372(a)(2)(A), |
| | ) 3373(d)(1)(B). |
| v. | ) **(LACEY ACT - TRAFFICKING)** |
| | ) |
| | ) **COUNTS TWO and FOUR:** |
| | ) 16 U.S.C. §§ 3372(d)(2), |
| | ) 3373(d)(3)(A)(ii). |
| DANIEL B. BIRKBECK | ) **(LACEY ACT - FALSE RECORDS)** |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B).
(LACEY ACT - TRAFFICKING)

#### INTRODUCTORY ALLEGATIONS

The following statements were true at all times relevant to this Indictment:

1.    Defendant **DANIEL B. BIRKBECK** was a Connecticut resident, residing in North Stonington, Connecticut.

2.    Defendant **DANIEL B. BIRKBECK** was licensed as a commercial fisherman by the State of Rhode Island, and was issued commercial fishing license number 1242.  Defendant **DANIEL B. BIRKBECK** was licensed  as a commercial fisherman by the Commonwealth of Massachusetts, and was issued commercial fishing license number 126729.  Defendant **DANIEL B. BIRKBECK** harvested numerous species of fish under his commercial fishing licenses, including Atlantic Striped Bass (*Morone saxatilis*) ("Striped

Bass"). Defendant **DANIEL B. BIRKBECK** was not licensed as a commercial fisherman by the State of Connecticut.  Connecticut law prohibits commercial fishing for Striped Bass.

3.    The Atlantic States Marine Fisheries Commission ("ASMFC") is made up of representatives from fifteen states, including Massachusetts, Rhode Island, and Connecticut.  The ASMFC is authorized to implement Interstate Fishery Management Plans ("IFMP's").

4.    In response to a decline in Striped Bass populations in the late 1970's, the ASMFC developed an IFMP for Striped Bass, recommending, among other things, minimum size limits for Striped Bass taken in state waters and in the territorial seas. That IFMP was adopted by ASMFC's member states.

5.    In 1984, Congress passed the Atlantic Striped Bass Conservation Act, recognizing that "Atlantic striped bass are of historic commercial and recreational importance and economic benefit to Atlantic coastal States and to the Nation," and that it "is in the national interest to implement effective procedures and measures to provide for effective inter-jurisdictional conservation and management of this species."  16 U.S.C. §§ 5151(a)(1)-(4).  This Act authorized the ASMFC to determine whether its member states had adopted sufficient regulatory measures necessary to fully implement the IFMP for Striped Bass.

6.     The Secretary of Commerce has imposed a moratorium on all fishing for Striped Bass in federal waters of the Atlantic Coast since 1990.   50 C.F.R. 697.7(b).

7.     The ASMFC's IFMP for Striped Bass regulates both recreational and commercial fishing for Striped Bass in the waters of its member states, including Massachusetts, Rhode Island, and Connecticut.  For commercial fishing, each member state is issued a quota allowing for a certain limit of Striped Bass to be harvested from that state's waters during any calendar year.  ATLANTIC STATES MARINE FISHERY COMMISSION, Appendix VI to the Interstate Fishery Management Plan for Striped Bass (February 2003), available at www.asmfc.org.

8.     Since 2003, Rhode Island has been allocated an annual commercial Striped Bass quota of 243,625 pounds.  Since 2003, Massachusetts has been allocated an annual commercial Striped Bass quota of 1,159,750 pounds.  Id. In the event that a state exceeds its annual quota, the amount in excess of its quota will be deducted from the state's allowable quota in the following year. Id.

9.     Rhode Island law prohibits the taking and possession of Striped Bass in excess of the annual quota established by the ASFMC. Once the quota of Striped Bass has been filled, the commercial sale of Striped Bass terminates and the season closes. RHODE ISLAND ADMIN. CODE § 25-8-4:12.3.

3

10.  All Striped Bass harvested in Rhode Island during the commercial fishing season must be identified by a Rhode Island Commercial Striped Bass tag.  Striped Bass harvested in Rhode Island may not be legally sold unless they are properly tagged. RHODE ISLAND ADMIN. CODE § 25-8-4:12.4.

11.  The 2009 Rhode Island commercial fishing season for Striped Bass was from June 1, 2009, to June 29, 2009, and again from September 13, 2009, to September 21, 2009.

12.  Rhode Island law provides that, when the commercial fishing season is closed, Striped Bass may be harvested by sport fishermen.  Rhode Island law establishes a limit of two Striped Bass per person, per calendar day, during the sport fishing season.  Rhode Island law prohibits any person from possessing more than the limit of two Striped Bass per calendar day during the sport fishing season.  Rhode Island law prohibits the sale of any Striped Bass which is harvested during the sport fishing season.

13.  Massachusetts law also prohibits the taking and possession of Striped Bass in excess of the annual quota established by the ASFMC.  Massachusetts commercial fishermen may fish for Striped Bass only during the commercial season and on open fishing days within said season beginning on July 12 and ending upon the reaching of the commercial quota.  322 MASS. CODE REGS. 6.07 (2009).

4

14.   The 2009 Massachusetts commercial fishing season for
Striped Bass was from July 12, 2009, to August 27, 2009.

15.   Defendant **DANIEL B. BIRKBECK** harvested Striped Bass in
Rhode Island waters during the 2009 Rhode Island commercial
fishing season. Defendant **DANIEL B. BIRKBECK** fished primarily out
of Westerly, Rhode Island.

16.   After the Rhode Island commercial fishing season for
Striped Bass ended on June 29, 2009, Defendant **DANIEL B. BIRKBECK**
continued to harvest Striped Bass in Rhode Island waters until
the Massachusetts commercial fishing season closed on August 27,
2009.   During that time, Defendant **DANIEL B. BIRKBECK** transported
approximately 10,163 pounds of Striped Bass that he caught in
Rhode Island waters to a wholesale fish market in Westport,
Massachusetts, where he sold them for approximately $27,346.95.
Those Striped Bass were not properly identified with a Rhode
Island Commercial Striped Bass tag.

17.   Beginning on or about July 12, 2009, and continuing
until on or about August 27, 2009, in the District of
Massachusetts and elsewhere, Defendant **DANIEL B. BIRKBECK** did
knowingly engage in conduct involving the sale, offer to sell,
and intent to sell fish with a market value in excess of $350, to
wit: Striped Bass, and did knowingly transport and sell said fish
in interstate commerce, knowing that said fish were taken and
possessed in violation of, and in a manner unlawful under, the

5

laws and regulations of the State of Rhode Island, specifically RHODE ISLAND ADMIN. CODE §§ 25-8-4:12.3-4.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B).

### COUNT TWO
### 16 U.S.C. §§ 3373(d)(2), 3373(d)(3)(A)(ii)
### (LACEY ACT - FALSE RECORDS)

18.   The information contained in paragraphs 1 through 16 of this Indictment are re-alleged and incorporated herein.

19.   On or about October 10, 2009, in the District of Massachusetts, Defendant **DANIEL B. BIRKBECK** did knowingly engage in an offense that involved the sale of, offer to sell, and intent to sell fish with a market value greater than $350, to wit: Striped Bass, and did knowingly make and submit a false record, account, and label for, and a false identification thereof, in that Defendant **DANIEL B. BIRKBECK** made and submitted a Striped Bass catch report to the Massachusetts Division of Marine Fisheries claiming to have harvested 10,163 pounds of Striped Bass in Massachusetts waters when in fact, as he then well knew, it was harvested in Rhode Island waters, and said fish had been and was intended to be transported and sold in interstate commerce.

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

6

## COUNT THREE
### 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B).
### (LACEY ACT - TRAFFICKING)

20.    The information contained in paragraphs 1 through 10,
and 12 through 13 of this Indictment are re-alleged and
incorporated herein.

21.    The 2010 Rhode Island commercial fishing season for
Striped Bass was from June 6, 2010, to July 8, 2010, and again
from September 13, 2010, to September 14, 2010.

22.    The 2010 Massachusetts commercial fishing season for
Striped Bass was from July 13, 2010, to August 23, 2010.

23.    Defendant **DANIEL B. BIRKBECK** harvested Striped Bass in
Rhode Island waters during the 2010 Rhode Island commercial
fishing season. Defendant **DANIEL B. BIRKBECK** fished primarily out
of Westerly, Rhode Island.

24.    After the Rhode Island commercial fishing season for
Striped Bass ended on July 8, 2010, Defendant **DANIEL B. BIRKBECK**
continued to harvest Striped Bass in Rhode Island waters until
the Massachusetts commercial fishing season closed on August 23,
2010.   During that time, Defendant **DANIEL B. BIRKBECK** transported
approximately 1,977 pounds of Striped Bass that he caught in
Rhode Island waters to a wholesale fish market in Westport,
Massachusetts, where he sold them for approximately $5,147.
Those Striped Bass were not properly identified with a Rhode
Island Commercial Striped Bass tag.

7

25.   Beginning on or about July 13, 2010, and continuing until on or about July 22, 2010, in the District of Massachusetts and elsewhere, Defendant **DANIEL B. BIRKBECK** did knowingly engage in conduct involving the sale, offer to sell, and intent to sell fish with a market value in excess of $350, to wit: Striped Bass, and did knowingly transport and sell said fish in interstate commerce, knowing that said fish were taken and possessed in violation of, and in a manner unlawful under, the laws and regulations of the State of Rhode Island, specifically RHODE ISLAND ADMIN. CODE §§ 25-8-4:12.3-4.

All in violation of Title 16, United States Code, Sections 3372(a)(2)(A), 3373(d)(1)(B).

### COUNT FOUR
### 16 U.S.C. §§ 3373(d)(2), 3373(d)(3)(A)(ii)
### (LACEY ACT - FALSE RECORDS)

26.   The information contained in paragraphs 1 through 10, 12 through 13, and 21 through 24 of this Indictment are re-alleged and incorporated herein.

27.   On or about October 16, 2010, in the District of Massachusetts, Defendant **DANIEL B. BIRKBECK** did knowingly engage in an offense that involved the sale of, offer to sell, and intent to sell fish with a market value greater than $350, to wit: Striped Bass, and did knowingly make and submit a false record, account, and label for, and a false identification thereof, in that Defendant **DANIEL B. BIRKBECK** made and submitted

8

a Striped Bass catch report to the Massachusetts Division of Marine Fisheries claiming to have harvested 1,977 pounds of Striped Bass in Massachusetts waters when in fact, as he then well knew, it was harvested in Rhode Island waters, and said fish had been and was intended to be transported and sold in interstate commerce.

All in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii).

## FORFEITURE ALLEGATION
### 16 U.S.C. § 3374(a)(2)

28.  Upon conviction of the offenses alleged in Counts One, Two, Three, or Four, Defendant **DANIEL B. BIRKBECK** shall forfeit to the United States pursuant to 16 U.S.C. § 3374(a)(2), all vehicles, vessels, and other equipment used to aid in the transporting or selling of wildlife in violation of Title 16, United States Code, Sections 3372, 3373, including but not limited to, the following:

> A.  1983 22-foot Aquasport boat, Hull Identification Number ASPK2482M83C, Connecticut Registration Number AM9126-CT; and
>
> B.  2008 Chevrolet Silverado K1500 pickup truck, VIN 1GCEK14C98E116869, Connecticut license plate J30931.

9

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
JAMES B. NELSON
Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice

DISTRICT OF MASSACHUSETTS                June 8, 2011

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
3:56PM